UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL SEBHATU G., | No.  1:26-cv-00371-KES-SAB (HC) |
| Petitioner, | |
| v. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| CHRISTOPHER CHESTNUT, Warden of California City Detention Center; JOSEPH B. EDLOW, USCIS Bakersfield Office; PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the United States Department of Homeland Security, | Doc. 2 |
| Respondents. | |

Before the Court is petitioner Abel Sebhatu G.'s motion for temporary restraining order.[1] Doc. 2.  The Court has previously addressed the legal issues raised by petitioner's motion.  *See, e.g.*, *Crispin M.C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Crispin M.C. v. Noem* and *J.A.C.P. v. Wofford* and that would justify denying the motion.  Doc. 4.  The Court also

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.*

Respondents point out that Immigration and Customs Enforcement ("ICE") agents arrested petitioner on a warrant.  Doc. 8 at 1.  But this undermines respondents' position that 8 U.S.C. § 1225(b) applies to petitioner, as the warrant was issued pursuant to INA § 236 (8 U.S.C. § 1226(a)).[2]  Section 1226(a) "'[o]n a warrant issued' by the Attorney General," *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (quoting 8 U.S.C. § 1226(a)); section 1225(b) contains no warrant requirement, *see* 8 U.S.C. § 1225(b).

Respondents also point out that petitioner was ordered removed and then granted withholding of removal by an immigration judge on November 10, 2025.  *See* Doc. 8-2.  But the removal order has been appealed to the Board of Immigration Appeals, *see* Doc. 8 at 2 n.1, so the government's statutory authority to detain petitioner has not yet shifted to 8 U.S.C. § 1231(a)(2)(A), which mandates detention during a 90-day "removal period."  The "removal period" begins on the latest of the following dates: (1) when "[t]he date the order of removal becomes administratively final"; or (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."[3]  8 U.S.C. § 1231(a)(1)(B)(i), (ii).  An order of removal becomes "administratively final" when "the agency's review proceedings" are complete.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) (emphasis omitted).  The agency's review proceedings are not complete, because petitioner's case is still pending at the Board of Immigration Appeals.  *See* Doc. 8 at 2 n.1. Therefore, the removal period has not begun, and the statutory authority to detain petitioner has not shifted to 8 U.S.C. § 1231(a)(2)(A).[4]

---

[2] The Court notes that this is not a factual distinction from the first case cited in the Court's minute order.  *See Crispin M.C.*, 2026 WL 70553, at *2 ("ICE arrested petitioner on a warrant at his second interview with USCIS.").

[3] The third date referred to in 8 U.S.C. § 1231(a)(B)(iii) is not relevant here.  *See* 8 U.S.C. § 1231(a)(1)(B)(iii) ("If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.").

[4] Respondents also argue that the posture of petitioner's case makes petitioner a flight risk.

2

Respondents confirm that, apart from the arguments above, they "do not have additional legal arguments to distinguish this case from previous orders issued by the Court." Doc. 8 at 2. They also did not object to converting the motion or request a hearing. *See id.* As respondents have not made any other new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Crispin M.C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), and *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), petitioner's motion for temporary restraining order is converted to a motion for preliminary injunction and is GRANTED.[5]

The Court ORDERS that respondents release petitioner immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:   January 24, 2026

_____
UNITED STATES DISTRICT JUDGE

---

Doc. 8 at 1–2. But the issue is that respondents maintain, incorrectly, that petitioner is not entitled to bond hearing under § 1226(a) at which such a determination could be made, and they purport to have re-detained petitioner pursuant to 8 U.S.C. § 1225(b), in violation of the Immigration and Nationality Act.

[5] The Court need not reach petitioner's due process arguments as he is entitled to relief based on his statutory claim.

3